IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM H. BOCHTE, )<br>)<br>        **Plaintiff,** )<br>v. )<br>)<br>CORY JAMES BERENS; and )<br>BOHM FARM AND RANCH, )<br>INC., a Kansas Corporation; )<br>)<br>        **Defendants.** ) | Case No. _____ |

## COMPLAINT

COMES NOW Plaintiff William H. Bochte (hereinafter "Plaintiff"), and for his claim against Defendants Cory James Berens and Bohm Farm and Ranch, Inc. (hereinafter collectively identified as "Defendants" unless individually identified), states and alleges as follows:

## PARTIES

1. Plaintiff William Bochte is an unmarried individual who is a citizen of the state of California.

2. Defendant Cory James Berens is a citizen of the state of Kansas.

3. Defendant Bohm Farm and Ranch, Inc. is a Kansas domiciled corporation and a citizen of the state of Kansas. This corporation's registered agent and principal place of business are registered with the Kansas Secretary of State as follows:

    Pete Bohm at 2509 Star Circle, Salina, Kansas 67401

    and/or

    632 South Broadway, Salina, Kansas 67401

    and/or

2525 Argonne Drive, Salina, Kansas 67401.

## JURISDICTION

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as set forth below.

## ALLEGATIONS COMMON TO ALL COUNTS

5. On June 11, 2015, Plaintiff was stopped in a pickup truck at a stop-sign controlling the intersection of Crawford Street and the I-135 southbound off ramp in Salina, Kansas, waiting for traffic to clear in that area before turning left and heading east on Crawford Street.

6. As Plaintiff was legally stopped at this stop sign waiting for traffic to clear, Defendant Berens, who was driving a semi-tractor truck and trailer owned by Bohm Farm and Ranch, Inc. while in the scope and course of his employment with Defendant Bohm Farm and Ranch, Inc., violently struck, impacted, collided and ran this semi-tractor truck and trailer he was operating at a significant speed, without braking, into the back or rear of the pickup truck the Plaintiff was operating.

7. Defendant Berens later described to law enforcement officers investigating the collision that, after looking down at his speedometer while down-shifting as he drove up the exit ramp, he looked up, saw Plaintiff's pickup "right there", and "slammed" on his brakes, "but it was too late."

8. In actuality, Defendant Berens comments to law enforcement officers investigating this collision were self-serving and in error as the semi-tractor and trailer Defendant Berens was operating did not leave any brake or skid marks on this exit ramp, nor did the Plaintiff hear brakes having been "slammed" on or applied in an emergency manner immediately prior and/or at the time

of this high impact rear end collision.

9. Defendant Berens was eventually found guilty of violating Kansas Standard Traffic Ordinance 47 (STO 47) in and through Salina Municipal Court Case 2015 TRI 3146 in regards to his actions in causing this collision and violating Kansas law.

10. Plaintiff described feeling his neck "snap" during this high impact rear end collision.

11. As a direct and proximate result of the above - described traffic collision, Plaintiff has been injured and damaged in an amount exceeding seventy-five thousand dollars ($75,000.00). Specifically, Plaintiff has suffered severe personal injuries, certain of which are, within reasonable probability, permanent in nature. Plaintiff has further suffered great physical pain and mental anguish due to these injuries in the past, and will, in reasonable probability, continue to suffer physical pain and mental anguish as a result of these injuries in the future. Plaintiff has also been physically impaired and disfigured, and will continue to be so impaired and disfigured in the future. Plaintiff has incurred medical expenses, and, within reasonable probability, will continue to incur medical expenses in the future. Plaintiff has lost earnings and earning capacity, and, within reasonable probability, will continue to suffer such loss in the future.

## COUNT I - NEGLIGENCE

12. Plaintiff restates and reincorporates each allegation set forth above.

13. Under Kansas' traffic laws and rules of the road, specifically Kansas Standard Traffic Ordinance 47 (STO 47), as incorporated and adopted in the city of Salina under Salina City Code Section 38-1 (a), Defendant Berens owed Plaintiff the duty to avoid following Plaintiff's vehicle more closely than was reasonable and prudent, having due regard for the speed of Defendant Berens' vehicle and the traffic upon and the condition of the highway.

14. Defendant Berens owed Plaintiff this same duty under K.S.A. 8-1523 (a).

15. Defendant Berens further owed Plaintiff the duties to keep his vehicle under control so as to avoid hitting or colliding with other drivers, specifically Plaintiff; and the duty to keep a proper lookout to avoid hitting objects or drivers in front of him, like Plaintiff or Plaintiff's pickup truck.

16. In violation of these duties and each of them, Defendant Berens failed to avoid following Plaintiff too closely; failed to control his vehicle; failed to keep a proper lookout to avoid colliding with Plaintiff and failed to drive at a reasonable and prudent speed for the conditions then existing. As a direct and proximate result of his breach of these duties, Defendant Berens negligently struck, impacted, and violently collided with Plaintiff's vehicle as described above.

17. Plaintiff has been injured and damaged, and will suffer reasonably certain and likely future damages and injuries as a direct and proximate result of Defendant Berens' negligent driving in an amount exceeding seventy-five thousand dollars ($75,000.00), all as described above.

18. Defendant Berens' negligence described herein, under the doctrine of respondeat superior, is the negligence of Bohm Farm and Ranch, Inc., because Berens was driving the Bohm Farm and Ranch, Inc. semi-tractor trailer and truck in the scope and course of his employment with Bohm Farm and Ranch, Inc.

19. As a result of Defendants' above-described negligence, Plaintiff is entitled to judgment against each Defendant, and all of them, for the injuries and damages he has sustained as a direct and proximate result of the traffic collision Berens caused.

WHEREFORE, Plaintiff prays the Court for its judgment against the Defendants, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00) for his bodily injuries

and damages as described above; for his costs in pursuing this action; for prejudgment interest at the highest legal rate available from the earliest date available to him; for post-judgment interest at the highest legal rate available from the date of the Court's judgment, if any; and for such other and further relief as justice may require.

## COUNT II - NEGLIGENCE PER SE

20. Plaintiff restates and reincorporates each allegation set forth above.

21. In violation of STO 47, Salina City Code § 38-1(a), and K.S.A. 8-1523(a), Defendant Berens followed Plaintiff and Plaintiff's vehicle too closely and, as a direct and proximate result, struck, impacted, and violently collided with Plaintiff and Plaintiff's vehicle, as described above.

22. As a result of Defendant Berens' violation of the said ordinances and statutes, Defendant is automatically negligent under Kansas law as these safety passed to protect the public.

23. As a direct and proximate consequence of Defendant Berens' violation of the said ordinances and statutes, and his resultant negligent driving, Plaintiff has been injured and damaged as described above in an amount exceeding seventy-five thousand dollars ($75,000.00).

24. Defendant Berens' negligence, under the doctrine of respondeat superior, is the negligence of Defendant Bohm Farm and Ranch, Inc., because Berens was driving a Bohm Farm and Ranch, Inc. semi-tractor trailer and truck in the scope and course of his employment with Defendant Bohm Farm and Ranch, Inc.

25. As a result of Defendants' above-described per se negligence, Plaintiff is entitled to judgment against each Defendant, and all of them, for the injuries and damages he has sustained as a direct and proximate result of the traffic collision Berens caused.

WHEREFORE, Plaintiff prays the Court for its judgment against the Defendants, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00) for his bodily injuries and damages as described above; for his costs in pursuing this action; for prejudgment interest at the highest legal rate available from the earliest date available to him; for post-judgment interest at the highest legal rate available from the date of the Court's judgment, if any; and for such other and further relief as justice may require.

RESPECTFULLY SUBMITTED:

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 South Santa Fe
P.O. Box 2388
Salina, Kansas 67402-2388
(785) 827-3646
Fax (785) 827-0538
E-mail: nrk@nwjklaw.com


By: /s/Norman R. Kelly
Norman R. Kelly
SC #10639
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

COME NOW the Plaintiff and hereby demands trial by jury on all issues of facts so triable.

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 South Santa Fe
P.O. Box 2388
Salina, Kansas 67402-2388
(785) 827-3646
Fax (785) 827-0538
E-mail: nrk@nwjklaw.com


By: /s/Norman R. Kelly
Norman R. Kelly
SC #10639
Attorneys for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

      COMES NOW Plaintiff, by and through counsel, and hereby designates Topeka, Kansas as the place of trial herein.

>NORTON, WASSERMAN, JONES & KELLY, L.L.C.
>213 South Santa Fe
>P.O. Box 2388
>Salina, Kansas 67402-2388
>(785) 827-3646
>Fax (785) 827-0538
>E-mail: nrk@nwjklaw.com
>
>
>By: /s/Norman R. Kelly
>Norman R. Kelly
>SC #10639
>Attorneys for Plaintiff